UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEESHAWN MERRIWEATHER-BRAGG, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:16-cv-02134 |
| INTERSTATE RECOVERY SERVICE, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, DEESHAWN MERRIWEATHER-BRAGG ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of INTERSTATE RECOVERY SERVICE, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") for Defendant's unlawful collection actions.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and all of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a 47 year old natural person currently residing at 2012 Vawtr Street, Apartment 7, Urbana, which lies in the Central District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from a variety of physical issues including breast cancer, asthma, and back problems.  Due to her various conditions, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

7. Defendant identifies itself by stating, "we strive to implement aggressive debt recovery strategies with the emphasis on our bottom line – The Individual's Needs."[1]  From its office at 236 Mustang Trail, Suite 105, Virginia Beach, Virginia, Defendant is a third party debt collection company that is in the business of collecting delinquent consumer debts for others, including a debt allegedly owed by Plaintiff.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts

9. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2014.[2]

---

[1] http://www.interstaters.com/About_Us.html
[2] http://www.acainternational.org/memberdirectory.aspx

**F<small>ACTS</small> S<small>UPPORTING</small> C<small>AUSES OF</small> A<small>CTION</small>**

10. At some point in 2015, Plaintiff signed up for a magazine subscription ("subject consumer debt") through Countrywide Periodicals, Inc. ("Countrywide"). *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

11. For several months after incurring the subject consumer debt, Plaintiff regularly made payments to Countrywide. However, her financial situation worsened, causing her to default to Countrywide on the subject consumer debt. *See* Exhibit A.

12. Upon information and belief, Countrywide turned the collection of the subject consumer debt over to Defendant after Plaintiff's default.

13. In early 2016, Plaintiff began receiving telephone calls and collection correspondences from Defendant seeking payment on the subject consumer debt. *Id.*

14. On January 28, 2016, Defendant caused to be sent a collection correspondence ("letter one") to Plaintiff. *See* attached Exhibit B is a true and correct photo of letter one.[3]

15. Letter one was entitled "**NOTICE OF ASSIGNMENT**" and contained a paragraph which read, "This is to notify you that this account has been assigned / purchased to this firm for collection. As a result of your account being turned over to this office, all future payments should be made to Interstate Recovery Service." *See* Exhibit B.

16. On letter one, Defendant identified itself as a debt collector. *Id.*

17. Five days later, on February 3, 2016, Defendant caused to be sent a collection correspondence ("letter two") to Plaintiff. *See* attached Exhibit C is a true and correct photo of letter two.[4]

---

[3] Plaintiff apologizes in advance about the clarity of Exhibit B. She has retained and can produce an original copy of letter one.
[4] Plaintiff apologizes in advance about the clarity of Exhibit C. She has retained and can produce an original copy of letter two.

18. On letter two, Defendant identified itself as a debt collector and offered Plaintiff a settlement of the subject consumer debt for $450.00. *See* Exhibit C.

19. Plaintiff received several telephone calls from Defendant in February and March of 2016. She spoke with Defendant on at least two separate occasions during those months. *See* Exhibit A.

20. Based on the telephone calls and letters one and two, Plaintiff was confused over the relationship between Defendant and the subject consumer debt. *Id.*

21. On May 4, 2016, Plaintiff returned a missed telephone call from Defendant. During the telephone call, Plaintiff was connected to a male representative of Defendant who did not disclose his name. *Id.*

22. Defendant advised that Plaintiff had made six payments out of 30 on the subject consumer debt. Defendant went on to inform that it spoke with Plaintiff on February 1, 2016 and March 31, 2016. *Id.*

23. Defendant represented that the balance of the subject consumer debt was $796.00 with a past due amount of $132.00. It went on to offer Plaintiff a settlement amount of $450.00 which was reflected in letter two. *See* Exhibits A and C.

24. Plaintiff specifically asked Defendant if it owned the subject consumer debt. Defendant responded, "Yes, we now control the debt." *See* Exhibit A.

25. At several points during the call, Defendant made statements to Plaintiff concerning action that would be taken if the subject consumer debt was not paid. One of those statements included following the State of Illinois guidelines to get the money involuntarily. *Id.*

26. At no time during the May 5, 2015 telephone call did Defendant identify itself as a debt collector. *Id.*

27. Plaintiff alleges that Defendant routinely fails to disclose its status as a debt collector during its telephonic collection activity.

28. Concerned and confused over Defendant's collection actions, Plaintiff spoke with CLP regarding her rights.

29. Plaintiff has expended time and energy consulting with her attorneys as a result of Defendant's collection actions.

30. Plaintiff has suffered financial loss related to Defendant's collection actions.

31. Plaintiff has been misled and harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt; The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§1692e, e(2)(A), and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

34. Defendant violated 15 U.S.C. §§1692e, e(2)(A), e(10), and f through its debt collection actions. Defendant did not have any ownership interest in the subject consumer debt nor was it the current creditor. It was only acting in the capacity of a debt collector on behalf of Countrywide. However, starting with letter one, Defendant purposefully created the misleading impression that it was the current creditor of the subject consumer debt. This deception

continued during Defendant's collection calls with Plaintiff. On May 4, 2016, Defendant specifically stated that it owned and controlled the subject consumer debt.

35. As an experienced and sophisticated debt collector, Defendant knows that consumers are more likely to pay a current creditor as opposed to a debt collector. Armed with this knowledge, Defendant attempted to elevate its status in Plaintiff's mind by misrepresenting its relationship to the subject consumer debt. Defendant's actions were willfully and strategically designed to procure payment of the subject consumer debt.

36. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."
> 15 U.S.C. §§1692e and e(11).

37. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the May 4, 2016 telephone conversation with Plaintiff. The FDCPA imposes an affirmative duty on debt collectors to advise consumers of their status as debt collectors in all communications. During at least one conversation with Plaintiff, Defendant did not make this disclosure. Due to the absence of this disclosure, Defendant's communication was misleading and sought to gain an unfair advantage. Plaintiff was already justifiably confused over the relationship between Defendant and Countrywide. Defendant's lack of disclosure served to further its misrepresentations about being the current creditor of the subject consumer debt.

6

38. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; The threat to take any action that cannot legally be taken or that is not intended to be taken."
> 15 U.S.C. §§1692e, e(4), and e(5).

39. Defendant violated 15 U.S.C. §§1692d, e, e(2)(A), e(4), e(5), e(10), and f through its debt collection actions. During the May 4, 2015 telephone call, Defendant implied that Plaintiff would be garnished if she did not make payment on the subject consumer debt. At the time Defendant made statements regarding getting money involuntarily from Plaintiff, no legal proceedings had been initiated with represent to the subject consumer debt. In order for Defendant to garnish Plaintiff or seize any funds from her, it would first have to file a lawsuit and obtain a judgment.

40. Using the pressure point of legal action, Defendant made veiled threats towards Plaintiff in order to procure payment. Plaintiff alleges that Defendant had no intentions of pursuing her legally at the time the threats were made.

41. Using the above described tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against. As plead in paragraphs 28 through 31, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, DEESHAWN MERRIWEATHER-BRAGG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

42. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

43. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to collect on the subject consumer debt.

44. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

45. Plaintiff is a "consumer" as defined by the ICFA, 815 ILCS 505/1(e).

8

46. Defendant's attempts to collect on the subject consumer debt are "part of the conduct of any trade or commerce" as defined by the ICFA, 815 ILCS 505/1(f).

47. Defendant made false statements and threats in its attempts to collect on the subject consumer debt.  This behavior represents the use of deception, fraud, and false pretense in an attempt to collect a debt.

48. Defendant intended that Plaintiff rely on its misrepresentations in order to procure payment of the subject consumer debt.

49. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

50. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

51. As pled in paragraphs 28 through 31, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices.  Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, DEESHAWN MERRIWEATHER-BRAGG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 16, 2016	Respectfully Submitted,

                                                     s/ Nathan C. Volheim
                                                     Nathan C. Volheim, Esq., #630210
Counsel for Plaintiff
Admitted in the Central District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com